In the Matter of the Estate of SAMUEL W. REYNOLDS, Deceased.

Surrogate's Court, Broome County, April 4, 1932.

*Mangan & Mangan,* for the petitioner.

*Merchant, Waite & Waite,* for Fred Shoemaker, a legatee.

BAKER, S. On April 7, 1930, a decree was granted and entered herein in the matter of the first intermediate judicial settlement of the accounts of the said Donald C. Luce, as ancillary administrator with the will annexed of the estate of Samuel W. Reynolds, deceased, after proper service of a citation for such judicial settlement had been served upon all the parties interested herein. The said decree by the terms thereof directed distribution of the residuary estate of said testator as follows: Seven-tenths thereof to the heirs at law and next of kin of said testator, Samuel W. Reynolds, deceased, according to the provisions of paragraph 4 of said will, and three-tenths thereof to the heirs at law and next of kin of Celia E. Reynolds, the deceased wife of said testator, according to the provisions of the 2d paragraph of the codicil to the last will and testament of said Samuel W. Reynolds, deceased. Fred Shoemaker, one of the heirs of testator's wife, was duly served with a citation in said proceeding but failed to appear at the time of the granting of the decree hereinabove referred to, or to make any objection to the terms thereof, but did refuse to accept the amount decreed to be paid to him under said decree.

On January 13, 1932, the said Donald C. Luce, as such ancillary administrator with the will annexed of the estate of said Samuel W. Reynolds, deceased, filed in this court a petition and account for a second intermediate judicial settlement of the accounts of said ancillary administrator with the will annexed. Thereupon a citation was duly issued herein citing all of the necessary parties to said proceeding to show cause on February 19, 1932, why such account should not be judicially settled.

On January 27, 1932, the above-named Fred Shoemaker appeared herein by his attorneys, Merchant, Waite & Waite, and filed a petition herein praying that said decree granted on April 7, 1930, be reopened, and also that a judicial construction of the last will and testament and codicil thereto of the said Samuel W. Reynolds be had.

Upon the return date of said citation, to wit, February 19, 1932, due proof of the service thereof upon all of the parties named therein was filed herein, and the proceeding was held open for the purpose of allowing the respective attorneys to submit memoranda of law in support of their respective contentions.

Memoranda of law having been filed by the respective attorneys herein, and after examination thereof together with an examination of the last will and testament and codicil of said testator, Samuel

W. Reynolds, deceased, and due deliberation having been had thereon, I hereby find and decide as follows: That the said Fred Shoemaker adopted the correct procedure, since his only remedy is to move to open his default upon giving good reasons for another opportunity to assert his rights, and since he had no right to appeal. (Surr. Ct. Act, § 20, subd. 6, §§ 40, 288; Civ. Prac. Act, §§ 1, 105.)

It would appear, however, by the provisions of section 108 of the Civil Practice Act that the said Fred Shoemaker is guilty of laches in not requesting relief from the decree granted on the said 7th day of April, 1930, nearly two years having elapsed since the entry thereof.

Paragraph 4 of the last will and testament of the said testator, Samuel W. Reynolds, deceased, provided as follows:

"*Fourth.* After the bequests above enumerated, I give, bequeath and devise to my beloved wife, Celia E. Reynolds * * * after her death I give, bequeath and devise seven-tenths thereof to such of my heirs as may then be living and three-tenths thereof to such of the heirs of my said wife, Celia E. Reynolds, as may then be living, and direct that distribution of the said seven-tenths to my heirs then living and the said three-tenths to the heirs of my said wife then living shall be made in accordance with the intestate laws of the State of Pennsylvania."

Paragraph 2 of the codicil to the said last will and testament also provided as follows:

"*Second.* The legal heirs of my wife to whom the three-tenths of my estate is bequeathed after her death as provided in Article Fourth of my said will shall be as follows, namely: Mary Elizabeth Luce, Arthur E. Luce, Donald C. Luce, Terry J. Luce, Fred Shoemaker, Mabel Miller, Ethel Hann, Alice T. White, Byron Shoemaker, George M. Shoemaker and William Shoemaker, or so many of them as may be then living."

At the time of the execution of said last will and testament the testator desired that three-tenths of his residuary estate be divided among the heirs at law and next of kin of his wife, upon her decease, according to the intestate laws of the State of Pennsylvania where testator was a resident, and it is presumed that said testator at the time of the execution of the said last will and testament knew to whom such portion of his property would pass and be distributed. At the time of the execution of the said last will and testament there were eight persons answering to the description of the heirs at law and next of kin of Celia E. Reynolds, the wife of said testator.

By the provisions of paragraph 2 of said codicil above referred to, executed several years after the said will, the testator particularly names the said eight persons who were the legal heirs at law and

next of kin of his said wife, and who were still the heirs at law and next of kin of his said wife at the time of the execution of said codicil, and in addition thereto names three persons, to wit, a child and two grandchildren of one of the said heirs at law and next of kin above referred to, namely, Mary Elizabeth Luce, a sister of his said wife, Celia E. Reynolds.

By specifically naming the said eight persons, together with the additional three persons who were not such heirs at law and next of kin, in said codicil the testator obviously intended that said portion of his estate should be distributed *per capita* among said persons, thereby revoking the specific instructions in paragraph 4 of said will as to the method of distribution. In other words, the testator made each of said eleven persons legatees and intended that they should each receive, share and share alike, that portion of his said estate which he desired should pass to and be distributed among his deceased wife's relatives.

None of the above-named eleven persons could be termed the natural objects of the testator's bounty, as they were all non-relatives of his, and it would be fair to assume by his act at the time of making said codicil, in designating specific persons to share in a portion of his estate, that he had particular reasons for so doing.

The decision of the court, therefore, is that distribution of the said three-tenths of testator's residuary estate be distributed *per capita* among the eleven persons named in said codicil.

A decree of distribution may be entered herein in accordance with the foregoing decision.